IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00894-JLK

CONNIE PERRY,
KENT MENGE,
CHUCK WEDDEL,

     Plaintiffs,

v.

AT&T OPERATIONS, INC.,

     Defendant.

_____

ORDER STRIKING MOTION FOR SUMMARY JUDGMENT
AND RELATED BRIEFING
_____

KANE, J.

This overtime compensation action is before me on Plaintiffs Motion for Summary Judgment (Doc. 47). Plaintiffs contend they were non-exempt employees who regularly worked more than 40 hours a week and were not compensated for their overtime hours in violation of the § 207(a)(1) of the Fair Labor Standards Act (FSLA) and Colorado Wage Order 24, Colo. Code Regs. § 1103-1. Plaintiffs submit affidavits attesting to the fact that they were "forced" to work more than 40 hours per week and that they were not compensated for their excess hours, and argue that Defendant's failure to keep adequate records of the hours worked by employees precludes its ability to rebut Plaintiffs' evidence and entitled them to judgment as a matter of law. I have spent considerable time

with the parties' briefs and disagree.

In both form and substance, Plaintiffs' summary judgment theory of relief and their briefing are inadequate. Plaintiffs characterize both their Fair Labor Standards Act (FLSA) and state law wage claims in only the most general terms,[1] support those claims with legal conclusions, non sequiturs, and minimal and unpersuasive legal authority,[2] and pepper their briefs with miscitations and grammatical errors.[3] Most importantly,

---

[1]  In their Complaint (Doc. 1), Scheduling Order (Doc. 19), and summary judgment briefing, Plaintiffs claim Defendant has violated their rights under "29 U.S.C. § 201, *et seq*.," the elements of which Plaintiffs contend are set forth at 29 U.S.C. § 207(a) (1) and "29 U.S.C. § 785.12 (1997)." Mot. Summ. J. (Doc. 47) at 9-10. FLSA Section 207(a) is the Act's general prohibition that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." After some consternation I realized the citation to "29 U.S.C. § 785.12 (1997)" was likely a citation to a thirteen-year-old version of 29 *C.F.R.* § 785.12, which provides that employers must pay overtime for work "performed away from the premises or the job site," a subject about which Plaintiffs argue elsewhere in their briefing but not in the section of page 10 of their opening brief where the regulation is cited.

[2]  In their reply in support of the undisputed facts they averred in their opening brief, for example, Plaintiffs respond to Defendant's denial that AT&T managers ever emailed or "quequed" with Plaintiffs after hours by asserting "whether or not Plaintiffs corresponded with their managers via queque [or email] after hours, *AT&T was still on constructive notice that Plaintiffs were working overtime hours*." Reply Br. at p. 6, ¶¶ 16-17 (Doc. 58)(emphasis mine.) Not only does the conclusion not follow from the premise, but it is a legal one insufficient to support a claim even under a Rule 12(b)(6) standard, let alone the standard governing motions for summary judgment under Rule 56. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *applied in Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

[3]  In arguing their entitlement to summary judgment, for example, Plaintiffs cite *Doty v. Elias*, 733 F.2d 720, 725 (10th Cir. 1984), for the proposition that "Courts have been very differential [sic] to employees when examining evidence that employer's [sic] try to use to negate the employee's reasonable estimate of uncompensated overtime hours." Pls.' Mot. Summ. J. (Doc. 47) at 17. Besides the inclusion of distracting grammatical/typographical errors, the case Plaintiffs cite in no way supports the proposition they purport to make, namely, that district courts have in the past, or that this court should, in this case, grant summary judgment to

Plaintiffs' briefs read like trial briefs full of argument on disputed points of fact. Plaintiffs contend, for example, that they have "proven" each of the elements of a wage act claim, asserting AT&T managers had "actual knowledge" that Plaintiffs were working overtime and maintaining those managers' sworn affidavits to the contrary "are not credible." Mot. Summ. J. (Doc. 47) at 9; Pls' Reply at 15. This is not the stuff of summary judgment, it is the antithesis of it.

The essence of Plaintiffs' argument on summary judgment is that the Department of Labor has already investigated AT&T and issued a report finding AT&T to have maintained, for a period of time that has since expired, inadequate records of employee hours worked and that two of the three Plaintiffs were owed overtime compensation for work performed from the date they were hired in April 2007 to September 2007, and that these findings somehow relieve Plaintiffs of any burden on summary judgment other than to present evidence from which the existence and number of additional overtime violations since can be inferred. This is incorrect.

Under old, but apparently still applicable Supreme Court precedent, where an

---

a wage claim plaintiff based on reasonable estimates of uncompensated overtime hours even when an employer presents sworn testimony in rebuttal. To the contrary, the trial court in *Doty* ruled for plaintiffs only *after* a trial on the merits where the court, as the trier of fact, weighed the evidence, as I am specifically precluded from doing on summary judgment. If anything, *Doty* supports a denial of Plaintiffs' motion, so that the parties' competing evidence may be weighed by the trier of fact.

It is not the time-consuming burden of this court to proofread and correct errors, or, in the case of the miscitation of 29 U.S.C. § 785.12, to determine what the correct citation was intended, simply to understand what represented parties are trying to communicate in their briefs.

employer in a wage act case has kept inaccurate or inadequate records, "an employee has carried out his burden [of making out a claim for unpaid minimum or overtime wages under the Act] if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).  If this burden is met, however, "the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative [sic] the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88.  On the record before me, Plaintiffs' initial burden is the subject of strenuous objection and denial in sworn affidavits by the managers charged with supervising them and overseeing their work, and those same managers offer emphatic, and emphatically disputed, testimony to support their burden of negating the reasonableness of the inference to which Plaintiffs claim they are entitled.  It is, in short, completely unreasonable to conclude in this case that a reasonable trier of fact could find only in favor of Plaintiffs on their claims.  Under these circumstances, Plaintiffs' Motion for Summary Judgment would be subject to denial on the merits even if I were to consider the briefing as filed.  *See Robertson v. Board of County Comm'rs*, 78 F. Supp.2d 1142, 1160 (D. Colo. 1999)(Babcock, J.)(finding in favor of wage claim plaintiffs in part after weighing evidence on the merits), *aff'd*, 166 F.3d 1222 (10th Cir. 1999)(unpublished).

Before concluding, I pause also to reflect on Defendant's submissions.

Defendant's submissions constitute an effort to rebut Plaintiffs' allegations regarding overtime compensation due and their managers' awareness that (1) those hours were, in fact, worked, and (2) that Defendant avoided having to compensate Plaintiffs for them by creating an atmosphere where employees felt claiming overtime would reflect poorly on their performance and job security and therefore did not request or seek approval for overtime compensation.  Because they are sworn statements essentially denying and completely recasting almost every fact alleged, it is hard to arrive at a conclusion other than that someone or other is perjuring him or herself under oath.  Defendant is admonished that should any of the testimony it has proffered to rebut Plaintiffs' Motion is ultimately be shown to have been false when made, not only Defendant but also the individual witnesses/affiants and Defendant's counsel, may each be subjected to sanctions to and including a referral to the United States Attorney.  The same holds true for Plaintiffs and Plaintiffs' counsel.

Based on the foregoing, the Motion for Summary Judgment and briefs in support and in opposition thereto are STRICKEN with leave to refile.  If Plaintiff chooses to refile its Motion, it should do so on or before January 13, 2011.  Defendant's refiled Response shall be due on or before January 21, 2011, and any Reply shall be due on or before January 28, 2011.  The Court is aware that Magistrate Judge Shaffer has set this case for a Final Pretrial Conference on February 1, 2011.  *The parties are strongly encouraged to confer on the issue of settlement before the Pretrial Conference date and to let Magistrate Judge Shaffer know whether further settlement negotiations would be helpful.*  I express

no view on the advisability of settlement one way or the other, but it does appear that the case is one that must be tried, to whatever assessable risk to the parties as such a trial may portend.

Dated January 6, 2011.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE